### Village of Ladd v. T. L. Jones.

1. MUNICIPAL CORPORATIONS—*No Power to Furnish Electric Lights to Citizens.*—Cities and villages have no power under the statute to furnish electric lights to the inhabitants nor to fix rates and collect for such services.

**Assumpsit for Furnishing Lights, etc.**—Appeal from the Circuit Court of Bureau County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

J. L. MURPHY, attorney for appellant.

GIBONS & GIBONS, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was an appeal from a justice of the peace to the Circuit Court, and from that to this court.

The cause was tried in the Circuit Court before a jury, resulting in a verdict for appellee and judgment against appellant for causes.

The cause of action sued on was a claim on appellant's part for one month's electric lighting of Knights of Pythias Hall, in the village of Ladd, contracted for by appellee with the appellant, at twenty cents per light and twelve lights, making $2.40 claimed by appellant.

The contract was made by and between appellant and appellee under a certain ordinance of the village passed by the latter for the purpose of carrying on the business of electric lighting for private parties and receiving compensation therefor.

By Sec. 3 of the ordinance in question those who contracted for lighting were required to pay monthly in advance, but it appears from the evidence appellee failed to pay for the month of December, 1894, and for that reason appellant claimed the right to recover for the services of furnishing lights to appellee for that month. The appellant maintained its electric light plant and did commercial lighting as stated, for which it proposed to and collected fees in advance, as stated.

It appears clearly from the evidence that appellant had a just right to recover if, under its charter, it had any right to furnish lighting for private parties for compensation.

The legislature, however, has not granted to cities and villages the power to furnish electric or other lighting to the inhabitants thereof, nor to fix rates and collect for such services.

By article 5, particle 8, of the city and village act, Hurd's Statutes, chapter 24, page 255, authority is given to the president and board of trustees of villages to provide for lighting the streets, alleys, avenues, sidewalks, parks and public grounds.

By particle 13, the village authorities may grant the power to other parties and persons to do such lighting and to lay down their plant and pipes, but the city or village itself is not authorized to do such work. By section 254

of chapter 24, part. 300, cities and villages are authorized to build water works and collect rates for furnishing the same to private parties, but not to collect for lighting private houses and property.

For some reason this power has been withheld from cities and villages organized under the general incorporation law, like the village of Ladd.

Powers granted to cities and villages by legislative grant must be strictly construed.

There being no power in the act under which appellant is organized authorizing it to furnish electric lighting to private parties and charge for the same, it follows that appellant could collect nothing from such parties thus illegally contracted with. There being no power to collect, the verdict of the jury and judgment of the court would of necessity be in favor of appellee.

The judgment of the court below is therefore affirmed.